PER CURIAM:
The claimants brought this action for damage to their 1984 Oldsmobile Cutlass Supreme, which they allege was caused after encountering an oil-slickened section of road in Marion County.
The incident giving rise to this action occurred on June 14, 1996, at approximately 6:00 p.m. The claimant Janet Kimble was driving alone on County Route 11 (Flaggy Meadow Road) from Clarksburg towards Mannington. It had rained recently. Route 11 in this area is a narrow, paved, unstriped road with several sharp curves. The evidence adduced at hearing was that as Ms. Kimble was driving down a hill and around a turn, she lost control of the vehicle, which crossed the center of the road and struck an oncoming vehicle. The claimants’ vehicle sustained damage to the driver’s side fender and wheel panel assembly. The claimants submitted into evidence a repair estimate in the amount of $1,708.88. They had liability insurance only.
Ms. Kimble testified at hearing that she was traveling approximately 10 miles per hour and that she traveled the road daily to and from work. She stated that her vehicle encountered an oil slick on the road, and that the oil slick was the reason that she lost control of the vehicle. Marion County Sheriff Deputy John Dolog, who investigated the accident, testified that the road was wet due to recent rain, and further, that there was no oil on the road surface. His accident investigation report admitted into evidence stated that factors contributing to the accident were slippery pavement and failure to maintain control. The report indicated that the claimant’s vehicle left skid marks 42 and 65 feet long before coming to rest.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order for the respondent to be held liable, the claimant must prove that the respondent had actual or constructive notice of a road defect. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that there is insufficient evidence of any negligence on the part of the respondent and does hereby deny the claim.
Claim disallowed.